United States District Court
Southern District of Texas
**ENTERED**
May 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **BRANDON SINGLETON,** § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-00575 |
| § | |
| **VEOLIA NORTH AMERICA** § | |
| **REGENERATION SERVICES, LLC,** *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

Plaintiff Brandon Singleton brings various tort claims against Defendants Veolia North America Regeneration Services, LLC ("Veolia"); Premier Chemicals & Services, LLC ("Premier"); and Mosaic Fertilizer, LLC and the Mosaic Company (collectively, "Mosaic"). Before the Court are Singleton's Motion to Remand, ECF No. 10; Veolia's Motion to Dismiss for failure to state a claim, ECF No. 11; Mosaic's Motion to Dismiss for lack of personal jurisdiction, ECF No. 12; and Premier's Motion to Dismiss for lack of personal jurisdiction, ECF No. 13. For the reason that follows, the Court finds that the Motion to Remand should be **GRANTED**, and the Motions to Dismiss should be **DENIED AS MOOT.**

### I.  BACKGROUND

Singleton regularly made chemical deliveries on behalf of Premier, Veolia, and Mosaic. On or about October 6, 2023, Singleton embarked on a chemical delivery job that involved picking up a load of chemicals from a Veolia plant in Darrow, Louisiana and transporting them to the Mosaic Faustina Plant. He completed this job using a truck, personal protective equipment, and other materials provided by Premier.

1

When Singleton arrived at the Mosaic Faustina Plant, he began unloading the chemicals. As part of this process, he used a Mosaic bucket to catch chemicals dripping from the connection to the plant. When the transfer was complete, Singleton emptied the bucket into a sump at the facility. However, the sump allegedly contained volatile materials which mixed with the chemicals from the bucket and caused an explosion. Singleton sustained severe burns to his face, arm, chest, stomach, and other parts of this body.

Singleton then brought suit in Texas state court for negligence and gross negligence. ECF No. 1-2. Initially, Singleton brought claims against only Veolia. *Id.* Veolia removed on the basis of diversity jurisdiction. ECF No. 1. Singleton then amended his pleadings to add claims against Premier and Mosaic. ECF No. 3. Singleton is a Louisiana resident. *Id.* ¶ 2. Likewise, Premier's principal place of business is in Baton Rouge, Louisiana, and all of its members are Louisiana residents. *Id.* ¶ 4. Veolia is alleged to be a Delaware company with a principal place of business in Houston, Texas. *Id.* ¶ 3. Both Mosaic entities are Delaware companies with principal places of business in Tampa, Florida. *Id.* ¶ 5-6.

## II.  ANALYSIS

The pending Motions present competing jurisdictional issues. Singleton argues for remand on the basis that Premier's presence destroys diversity. Premier argues for dismissal on the grounds that it has insufficient contacts with Texas to confer personal jurisdiction. The parties dispute which jurisdictional issue should be given priority.

A district court presiding over a removal action is not necessarily obligated to assess subject matter jurisdiction before personal jurisdiction. *See Ruhrgas AG v. Marathon Oil*, 526 U.S. 574, 587-88 (1999); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 213 (5th Cir. 2000). However, "in most instances subject-matter jurisdiction will involve no arduous inquiry." *Ruhrgas*

2

*AG*, 526 U.S. at 587. "In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88; *see also id.* ("[A] court disposing of a case on personal jurisdiction grounds 'should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved.'" (quoting *Cantor Fitzgerald, L.P, v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996))). Here, the subject matter jurisdiction inquiry is straightforward, requiring a simple application of the rules of diversity jurisdiction. Therefore, the Court finds it appropriate to begin its analysis with subject matter jurisdiction.

This case was removed pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF No. 1. No party contests that both Singleton and Premier are Louisiana citizens. However, Veolia, the only party to file a Response to the Motion to Remand, argues that Premier was improperly joined. A party is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574.

Singleton brings claims for negligence and gross negligence against Premier, alleging that the protective equipment Premier provided him with to perform the chemical transfer job was inadequate to protect him from the chemical explosion. ECF No. 3 ¶ 19. He also alleges that Premier's instructions for completing the chemical transfer were inadequate. *Id.* As a result, he suffered severe physical injuries from the explosion. *Id.*

Veolia argues, in a conclusory fashion, that Singleton doesn't allege with sufficient specificity how the protective equipment was inadequate. Having cited no authority, Veolia fails to meet its high burden of showing that there is no reasonable basis for predicting that Singleton might be able to recover against Premier for negligence, and the Court cannot conclude that

3

Premier was improperly joined. Because Premier's presence destroys diversity, the Court lacks subject matter jurisdiction.

### III.   CONCLUSION

For the reasons stated above, Singleton's Motion to Remand is **GRANTED**. The Motions to Dismiss are **DENIED AS MOOT**.

The Clerk is directed to **REMAND** this case to the 113th Judicial District Court of Harris County, Texas.

**IT IS SO ORDERED.**

Signed at Houston, Texas on May 7, 2024.

_____
Keith P. Ellison
United States District Judge
